IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLACK HILLS MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 12-634 (RGA) |
| | ) |
| PIONEER COPORATION; PIONEER ELECTRONICS (USA) INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| | ) |
| Defendant. | ) |

**PIONEER CORPORATION'S AND PIONEER ELECTRONICS (USA) INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS UNDER FED. R. CIV. P. 12(C)**

Pursuant to Fed. R. Civ. P. 12(c), Defendants Pioneer Corporation and Pioneer Electronics (USA) Inc. ("Pioneer") move for judgment on the pleadings on Plaintiff's claims of (1) inducement, (2) contributory infringement and (3) willful infringement.

**I.   INTRODUCTION**

Plaintiff Black Hills Media, LLC ("Black Hills") sued Pioneer for the alleged infringement of three patents[1] on May 22, 2012, and filed an Amended Complaint on September 12, 2012, adding three more patents.[2] Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted for its claims of inducement, contributory infringement or willful infringement.

Plaintiff asserted claims of inducement, contributory infringement and willful infringement using the same substantive language against Logitech Inc. and Logitech, LLC

---

[1] The original complaint alleged infringement of U.S. Patent Nos. 8,045,952 ("the '952 patent"), 8,050,652 ("the '652 patent"), and 6,985,694 ("the '694 patent").

[2] In addition to the previously asserted '952, '652, and '694 patents, the amended complaint alleged infringement of U.S. Patent Nos. 6,108,686, 8,230,099 and 8,214,873.

1

("Logitech")[3], Yamaha Corporation of America ("Yamaha"), and Sonos, Inc. ("Sonos").[4] On January 11, 2013, Logitech, Yamaha and Sonos moved to dismiss these claims under Fed. R. Civ. P. 12(b)(6). On July 12, 2013, the Court granted these motions to dismiss because Plaintiff's "indirect and willfulness claims are insufficient."[5] The pleadings in this case have now closed. Because Plaintiffs' claims of inducement, contributory infringement and willful infringement against Pioneer use substantively identical language as that which the Court has already held to be insufficient, Pioneer's Rule 12(c) motion should be granted and those claims dismissed.

## II.  BACKGROUND

The Amended Complaint against Pioneer includes vague claims directed to inducement, contributory infringement and willfulness.[6] The substantive language of these claims is identical to that in the amended complaints against Logitech, Yamaha and Sonos.[7] All of the allegations against Pioneer are the same as those against Logitech, Yamaha and Sonos, with only the names of the accused products and referenced website addresses differing.[8] Plaintiff has not provided any additional substantive information with respect to Pioneer to shed light on the inducement, contributory infringement or willfulness claims beyond that which the Court has already rejected as inadequate.

---

[3] Logitech International SA was originally a named defendant but was later dismissed without prejudice. C.A. 1:12-cv-00636-RGA, D.I. 11.
[4] *Compare* operative complaint against Pioneer, D.I. 3, *with* operative complaints against Logitech 12-636-RGA, D.I. 3, Yamaha, C.A. 12-635-RGA, D.I. 3, and Sonos C.A. 12-637-RGA, D.I. 3. Note that Plaintiff has asserted certain patents against Sonos that it has not asserted against Pioneer, but this difference is not significant to this motion.
[5] C.A. 12-636-RGA, D.I. 28 at 2; C.A. 12-635-RGA, D.I. 26 at 2; C.A. 12-637-RGA, D.I. 21, at 2.
[6] *See* D.I. 3 at ¶¶ 16-21, 24-29, 32-37, 40-45, 48-53 and 56-61.
[7] *See supra* note 4.
[8] *See supra* note 4.

### III. LEGAL STANDARDS AND ARGUMENT

Rule 12(c) states that "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Pleadings have closed in this case because Pioneer has answered the Amended Complaint. *See, e.g., United States v. City of Philadelphia*, 644 F.2d 187, 203 n.25 (3d Cir. 1980)(noting treatment of 12(b) motion as 12(c) motion after complaint had been answered). Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be granted may made by a motion for judgment on the pleadings. Fed. R. Civ. P. 12(h)(2); *Turbe v. Gov't of Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991). In addition, this case is in its earliest stages, indeed no scheduling order has yet issued, so there is no danger that Pioneer's motion will delay trial. This is an appropriate time to narrow the scope of the case to claims that have been properly alleged. Pioneer's Rule 12(c) motion for judgment on the pleadings on plaintiff's claims of inducement, contributory infringement and willful infringement for failure to state a claim is proper at this time.

A motion for judgment on the pleadings is analyzed under the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Bald Eagle Ridge Protection Ass'n, Inc. v. Mallory*, 119 F. Supp. 2d 473, 476 (M.D.Pa. 2000), *see also, e.g.*, *Turbe*, 938 F.2d at 428; *Smith v. School Dist. of Philadelphia*, 112 F. Supp. 2d 417, 423 (E.D. Pa. 2000). For this reason, the Court's conclusions regarding the deficiencies of Plaintiff's inducement, contributory infringement and willfulness in deciding Logitech's, Yamaha's and Sonos' Rule 12(b)(6) motions are equally applicable to this motion. Specifically, in evaluating virtually identical allegations as those now at issue, the Court held that "[t]he indirect and willfulness claims are insufficient. For example, nothing that makes the claim of prior knowledge of the patents plausible is alleged. Thus, all claims of indirect infringement and willfulness will be

dismissed."[9] For the same reasons, Plaintiff's inducement, contributory infringement and willfulness claims against Pioneer are insufficient and should be dismissed.

## IV. CONCLUSION

For the reasons set forth above, Pioneer respectfully submits that Plaintiff's claims of inducement, contributory infringement, and willfulness in its Amended Complaint against Pioneer should be dismissed under Rule 12 (c) for failure to state a claim.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

Jack B. Blumenfeld (#1014)
Jennifer Ying (#5550)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jblumenfeld@mnat.com
jying@mnat.com

*Attorneys for Defendant*

OF COUNSEL:

Wayne Taichi Alexander
QUINN EMANUEL URQUHART
 & SULLIVAN LLP
NBF Hibiya Bldg., 25F
1-1-7 Uchisaiwai-cho
Chiyoda-ku, Tokyo 100-0011
Japan
+81 (3) 5510-1720

Robert S. Hill
QUINN EMANUEL URQUHART
 & SULLIVAN LLP
865 S. Figueroa Street 10th Floor
Los Angeles, CA 90017
(213) 443-3000

August 2, 2013
7425332

---

[9] C.A. 12-636-RGA, D.I. 28 at 2; C.A. 12-635-RGA, D.I. 26 at 2; C.A. 12-637-RGA, D.I. 21, at 2.

**CERTIFICATE OF SERVICE**

I hereby certify that on August 2, 2013, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on August 2, 2013, upon the following in the manner indicated:

| | |
|---|---|
| Kevin A. Guerke, Esquire<br>SEITZ, VAN OGTROP & GREEN, P.A.<br>222 Delaware Avenue, Suite 1500<br>Wilmington, DE  19801<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Robert R. Gilman, Esquire<br>HAYES MESSINA GILMAN & HAYES LLC<br>Liberty Wharf<br>250 Northern Avenue, Suite 410<br>Boston, MA  02110<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

          */s/ Jack B. Blumenfeld*
          Jack B. Blumenfeld (#1014)