UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Priority ___
Send ___
Enter ___
Closed ___
JS-5/JS-6 ___
Scan Only ___

| | |
|---|---|
| **CASE NO.:** CV 13-05980 SJO (PJWx) | **DATE:** September 24, 2013 |
| **TITLE:** Black Hills Media, LLC v. Pioneer Corporation, et al. | |

========================================================================
**PRESENT: THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                                   Not Present
Courtroom Clerk                                    Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF(S):**         **COUNSEL PRESENT FOR DEFENDANT(S):**

Not Present                                        Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER COORDINATING CASES, DENYING PLAINTIFF'S MOTIONS FOR LEAVE TO FILE PROPOSED SECOND AMENDED COMPLAINTS BUT PERMITTING FILING AND SERVICE OF REVISED SECOND AMENDED COMPLAINTS BY OCTOBER 14, 2013, AND SETTING SCHEDULING CONFERENCE**

This order applies to, and shall be filed in the following cases: *Black Hills Media, LLC v. Pioneer Corp.*, 2:13-cv-05980-SJO-PJW; *Black Hills Media, LLC v. Yamaha Corp. of Am.*, No. 2:13-cv-06054-SJO-PJW; *Black Hills Media, LLC v. Logitech, Inc.*, No. 2:13-cv-06055-SJO-PJW; and *Black Hills Media, LLC v. Sonos, Inc.*, No. 2:13-cv-06062-SJO-PJW (the "Black Hills Cases"), which were filed by Black Hills Media, LLC ("Plaintiff") and which include claims, inter alia, for infringement of United States patents 8,045,952; 8,050,652; 6,985,694; 6,108,686; 8,230,099; and 8,214,873.

I.   Coordination of Cases

The Black Hills Cases are hereby coordinated for case management purposes. The Court will issue one protective order and one scheduling order to govern all of the cases. This order does not constitute a determination that these actions should be consolidated for trial, nor does it have the effect of making any entity a party to an action in which it has not been joined and served in accordance with the Federal Rules of Civil Procedure.

The low-number case, *Black Hills Media, LLC v. Pioneer Corp., et al.*, 2:13-cv-05980-SJO-PJW, will serve as the master case file. All orders, pleadings, motions, and other documents will, when filed and docketed in the master case file, be deemed filed and docketed in each individual related case to the extent applicable. Parties shall enter their appearances in the individual cases, and the Clerk is directed to add all parties and attorneys from the individual cases to the master case file such that all counsel appearing in the individual cases will receive notifications for the master case file as well.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

| | |
|---|---|
| **CASE NO.:** CV 13-05980 SJO (PJWx) | **DATE:** September 24, 2013 |

If orders, pleadings, motions, or other documents are generally applicable to all consolidated actions, they shall include in their caption the notation that they relate to "ALL CASES" and be filed and docketed only in the master file. Documents intended to apply only to particular cases will indicate in their caption the case number of the case(s) to which they apply and will only be filed in the individual cases.

II.   Denying Plaintiff's Motions for Leave to File Proposed Second Amended Complaints but Permitting Filing and Service of Revised Second Amended Complaints

In *Yamaha*, *Logitech*, and *Sonos*, Plaintiff filed motions seeking leave to file a Second Amended Complaint ("SAC"). *Yamaha Corp.*, No. 2:13-cv-06054-SJO-PJW (C.D. Cal. Aug. 1, 2013) ("Yamaha SAC"), ECF No. 30; *Logitech, Inc.*, No. 2:13-cv-06055-SJO-PJW (C.D. Cal. Aug. 1, 2013) ("Logitech SAC"), ECF No. 32; *Sonos, Inc.*, No. 2:13-cv-06062-SJO-PJW (C.D. Cal. Aug. 1, 2013) ("Sonos SAC"), ECF No. 25. Plaintiff attached a proposed SAC as an exhibit to each of these motions. Yamaha SAC, ECF No. 30-2; Logitech SAC, ECF No. 32-2; Sonos SAC, ECF No. 25-2. The Court **DENIES** Plaintiff's motions because these proposed SACs are not in compliance with the Court's Order in *Black Hills Media LLC v. Pioneer Corp.*, 2:13-cv-05980-SJO-PJW (C.D. Cal. Sept. 24, 2013) ("Order on Indirect and Willful Infringement"), ECF No. 58.

However, Plaintiff is **PERMITTED** to file and serve new Second Amended Complaints for all of the Black Hills Cases on or before **October 14, 2013**. Defendant shall have **fourteen days** (14) thereafter to respond. Plaintiff may assert new related patents[1] or include new allegedly infringing products in the amended complaints. The new Second Amended Complaints must allege with particularity the facts establishing the defendants' requisite mental state re indirect infringement in compliance with this Court's Order on Indirect and Willful Infringement in *Pioneer Corp.* Plaintiff may not assert claims of willful infringement in its new Second Amended Complaints. However, discovery on the subject of willfulness shall be broadly interpreted and the Court expects Defendants will produce or log as privileged all documents relating to willfulness.

III.   Plaintiff to Lodge the File History

On or before **October 28, 2013**, Plaintiff shall lodge with the Court a certified copy of the file history for each asserted patent. The file histories shall each be printed double-sided, indexed, tabbed, and compiled in a 3-ring binder. In addition to the paper copy of the file histories, Plaintiff shall lodge an electronic copy on a CD-ROM, DVD, or USB thumb drive, in which each file history

---

[1] In all three of Plaintiff's proposed SACs, Plaintiff asserted U.S. Patent No. 8,458,356 ("the '356 Patent"), which is titled "System and Method for Sharing Playlists" and issued on June 4, 2013. Yamaha SAC at 2; Logitech SAC at 2; Sonos SAC at 2. Plaintiff may file Amended Complaints asserting this patent in all four of the Black Hills Cases.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority
Send
Enter
Closed
JS-5/JS-6
Scan Only

**CASE NO.:** CV 13-05980 SJO (PJWx)        **DATE:** September 24, 2013

shall be a single PDF file with bookmarks corresponding to the tabs on the paper copy. Plaintiff shall provide an electronic copy of the file histories to any Defendant who requests it.

IV.      Initial Disclosures, Joint Rule 26(f) Report, and Protective Order

The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **October 28, 2013**. Further discovery is stayed pending the scheduling conference.

Additionally, Counsel are directed to comply with Rule 26(f) of the Federal Rules of Civil Procedure in a timely fashion and to file a Joint Rule 26(f) report covering all the Black Hills cases on or before **November 4, 2013.** The parties' report shall, in addition to addressing the matters specified in Rule 26(f), set forth their views regarding: (1) an appropriate last date for the completion of discovery and the hearing of motions, a date for a final pretrial conference and a trial date; (2) whether discovery should be conducted in phases or otherwise ordered; (3) a preliminary estimate of the time required for trial; (4) efforts made to settle or resolve the case to date, and the parties' views as to an appropriate plan for maximizing settlement prospects; (5) whether the case is complex or requires a reference to the procedures set forth in the Manual on Complex Litigation; (6) the likelihood of the appearance of additional parties; (7) what motions the parties are likely to make that may be dispositive or partially dispositive; (8) any unusual legal issues presented by the case; and (9) proposals regarding severance, bifurcation or other ordering of proof.

The parties should also address the potential for multi-district litigation and whether it would be appropriate to apply some variation of the Federal Circuit Advisory Committee Model Order Limiting Excess Patent Claims and Prior Art.

In order to assist the parties in the setting of dates for the Scheduling Conference, the Court has included a schedule form for pretrial dates. The schedule should be completed by counsel and submitted in conjunction with their Rule 26(f) report.

The parties may jointly submit a proposed protective order on or before **November 4, 2013.** If the parties are unable to agree on a protective order, the Court will enter the Northern District of California's Patent Local Rule 2-2 Interim Model Protective Order.

V.      Preparation for Scheduling Conference, Technology Tutorial, and Case Overview

Counsel are hereby notified that the scheduling conference has been set for **Tuesday, November 12, 2013,** at **8:30 a.m.** before District Judge S. James Otero in Courtroom 1, 312 North Spring Street, Los Angeles, California 90012.

In addition to traditional scheduling conference proceedings, the Court also wishes to hear a technology tutorial and overview of likely contested and potentially dispositive issues. The Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

Priority _____
Send _____
Enter _____
Closed _____
JS-5/JS-6 _____
Scan Only _____

**CASE NO.:** CV 13-05980 SJO (PJWx)          **DATE:** September 24, 2013

will be particularly interested in hearing the parties' positions on what claim construction and discovery is necessary to resolve issues of infringement and validity.

The Court will set aside one and a half hours for the technology tutorial, case overview, and scheduling conference. The Court anticipates that it will be most useful to first hear the technology tutorial and case overview, followed by scheduling issues, but is open to the parties' joint suggestions. On or before **November 4, 2013**, the parties shall file a detailed joint proposed agenda indicating how long each side proposes to spend on each subject and which lawyer will be conducting which portion of the proceeding. This submission shall be a single integrated proposal, and shall not consist of dueling proposals. Plaintiff is free to divide its half differently than Defendants divide their half.

V.     Coordination and Limitation of Discovery

The Court will decide how discovery should be managed, and possibly phased, after considering the parties' Rule 26(f) report and hearing the presentations at the scheduling conference. The Court is unlikely to separate damages discovery from merits discovery, but may consider ordering early discovery specifically targeted in support of dispositive motions if doing so has potential to materially focus the case.

The Court will require efficient coordinated discovery practice. The parties shall confer and attempt to agree on limitations that reflect coordination. For example, on common issues, Plaintiff's witnesses should not, in most instances, be separately deposed in every case. Rather, a combined multi-day deposition would be appropriate, scheduled for enough time to cover all Defendants' individual issues, with common issues handled in a coordinated and nonduplicative manner. The Court anticipates that, subject to confidentiality restrictions, all depositions of Plaintiff's witnesses shall be cross-noticed for, and may be used in, every case. The parties are encouraged to cross-notice depositions of defense witnesses where appropriate. The parties should agree on a number of common discovery requests to be served on Plaintiff, with additional requests for each Defendant to the extent necessary. Likewise, the parties should explore whether it would be feasible to reduce the default number of discovery requests to be served on each Defendant.

Defendants are encouraged to coordinate their positions to the maximum extent possible and not present Plaintiff or the Court with multiple proposals on scheduling and coordination of discovery unless there are truly insoluble conflicts among the defendants.

IT IS SO ORDERED.

CV 13-05980 SJO (PJWx)
Black Hills Media, LLC v. Pioneer Corporation, et al.

## DISTRICT JUDGE S. JAMES OTERO

## SCHEDULE OF PRETRIAL DATES

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| **Trial Date (Jury)** **Estimated Length: ___ Days** | 9:00 a.m. | | | | |
| **Final Pretrial Conference; Discuss Previously-Filed Motions in Limine; File Agreed-Upon Set of Jury Instructions and Verdict Forms and Joint Statement re Disputed Instructions and Verdict Forms; File Proposed *Voir Dire* Questions and Agreed-To Statement of Case; File Witness List, Exhibit List, and Trial Brief** | 9:00 a.m. | 8 days before trial | | | |
| **Last Day for Hearing Motions** | | 45 days before trial | | | |
| **Discovery Cut-Off** | | 90 days before trial | | | |

## ADDITIONAL MATTERS TO BE DETERMINED AT SCHEDULING CONFERENCE

L.R. 16-14 Settlement Choice:   (1) CT/USMJ   (2) Atty   (3) Outside ADR   (4) Trial Court

| Matter | Time | Day(s) or Weeks Before Trial | Plaintiff's Request | Defendant's Request | Court Order |
|---|---|---|---|---|---|
| **Last Day to Conduct Settlement Conference** | | 3 weeks prior to pretrial conference | | | |
| **Last Day to Amend Pleadings or Add Parties** | | within 30 days from scheduling conference | | | |